UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.S.D.,

       Plaintiff,

v.                                                Case No. 05-71844
                                                    Honorable Patrick J. Duggan

GENESEE COUNTY COMMUNITY
HEALTH,

       Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 28, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

     On July 22, 2005, Plaintiff filed a motion to quash which this Court referred to Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. § 636(b)(1)(A).  In her motion, Plaintiff sought to quash subpoenas Defendant issued to the Hurley Medical Center and Dr. Jae Cho.  Plaintiff argued that the information sought in the subpoenas– her medical records– were confidential and should not be released without her consent.  Defendant responded that Plaintiff waived any privilege with respect to her medical records by filing this lawsuit wherein she alleges *inter alia* violations of the Americans with Disabilities Act ("ADA") and intentional infliction of emotional distress.  Defendant further argued

1

that Plaintiff's medical records are discoverable pursuant to Rule 26 of the Federal Rules of Civil Procedure, as those records are relevant with respect to whether she suffers from a disability as defined by the ADA.

Magistrate Judge Majzoub conducted a hearing on Plaintiff's motion to quash on October 11, 2005. On November 1, 2005, Magistrate Judge Majzoub issued an order denying Plaintiff's motion. At the conclusion of her order, Magistrate Judge Majzoub instructs the parties that they have ten days from the date of the order to file any written appeal to the district judge. On November 16, 2005, Plaintiff filed a timely appeal.[1] In her appeal, Plaintiff restates the arguments she made in her motion to quash.

Rule 72(a) of the Federal Rules of Civil Procedure provides the standard of review this Court must apply when objections are filed with respect to a magistrate judge's ruling on nondispositive matters. The rule provides in relevant part: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). The Court concludes that Magistrate Judge Majzoub's Order is neither clearly erroneous nor contrary to law. *See, e.g., Mullins v. Toyota Motor Mfg.*, No. 01-5600, 2002 WL 123686 (6th Cir. Jan. 29, 2002)(unpublished op.)(affirming

---

[1]Plaintiff claims she only received Magistrate Judge Majzoub's order on November 7, 2005. In any event, pursuant to the Federal Rules of Civil Procedure, Plaintiff's appeal is timely based on the date the order was issued as that date and intermediate weekends and holidays (Veteran's Day on November 11) are excluded in the computation. *See* FED. R. CIV. P. 6(a).

dismissal of the plaintiff's ADA action as sanction for the plaintiff's failure to execute medical authorization form where court found that the defendant had a right to the plaintiff's medical records where the plaintiff claimed he had a mental or psychological disability and that he was discharged by the defendant in violation of the ADA, thus placing his mental or psychological state at issue)[2]; *Butler v. Burroughs Wellcome, Inc.*, 920 F. Supp. 90, 92 (E.D.N.C. 1996)(stating that "[e]lements of a claim under the ADA touch upon the most private and intimate details of a plaintiff's life. ADA plaintiffs, like plaintiffs in an action for medical malpractice, waive all privileges and privacy interests related to their claim by virtue of filing the complaint"); *Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Penn. 1997)(finding that the plaintiff waived the psychotherapist-patient privilege by placing her mental condition directly at issue in ADA claim).

Accordingly,

**IT IS ORDERED**, that Plaintiff's November 16, 2005, "Appeal to Order by Magistrate" is **DENIED** and Plaintiff's motion to quash is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
L.S.D.
Amy J. DeNise, Esq.

---

[2]This unpublished opinion is attached as Exhibit A to this Opinion and Order.

3

Westlaw.

28 Fed.Appx. 479                                                                                                                  Page 4
28 Fed.Appx. 479, 2002 WL 123686 (C.A.6 (Ky.))
**(Cite as: 28 Fed.Appx. 479)**

# EXHIBIT A

Briefs and Other Related Documents

This case was not selected for publication in the Federal ReporterNOT RECOMMENDED FOR FULL--TEXT PUBLICATIONSixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.This case was not selected for publication in the Federal Reporter.NOT RECOMMENDED FOR FULL--TEXT PUBLICATION Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.   Please use FIND to look at the applicable circuit court rule before citing this opinion. Sixth Circuit Rule 28(g). (FIND CTA6 Rule 28.)

United States Court of Appeals,Sixth Circuit.
Greg MULLINS, Plaintiff-Appellant,
v.
TOYOTA MOTOR MANUFACTURING,
Defendant-Appellee.
**No. 01-5600.**

Jan. 29, 2002.

Former employee brought action alleging that his termination violated Americans with Disabilities Act (ADA). The United States District Court for the District of Kentucky dismissed complaint as sanction for employee's failure to execute medical authorization form. Employee appealed. The Court of Appeals held that dismissal was not abuse of discretion.

Affirmed.

West Headnotes

**Federal Civil Procedure 170A ⟶ 1636.1**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(E) Discovery and Production of Documents and Other Tangible Things
            170AX(E)5 Compliance; Failure to Comply
                170Ak1636 Failure to Comply; Sanctions
                    170Ak1636.1 k. In General. Most Cited Cases
Dismissal of complaint in ADA action as sanction for former employee's failure to execute medical authorization form was not abuse of discretion, where employee's failure to sign was willful, employer was unable to defend itself without requested information, district court warned employee that dismissal would result if he refused to sign form, and district court stated that dismissal was only option it had.  Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.; Fed.Rules Civ.Proc.Rule 37(b), 28 U.S.C.A.

Before KENNEDY and DAUGHTREY, Circuit Judges; BELL, District Judge. [FN*]

    FN* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

ORDER

**\*\*1** Greg Mullins, a pro se Kentucky plaintiff, appeals a district court order and judgment granting the defendant's motion for sanctions and dismissing with prejudice his disability discrimination complaint brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

28 Fed.Appx. 479                                                                                                                           Page 5
28 Fed.Appx. 479, 2002 WL 123686 (C.A.6 (Ky.))
**(Cite as: 28 Fed.Appx. 479)**

this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

**\*480** The underlying complaint, consisting of one page, requested $25 million in damages after asserting, "As a result of the defendant's negligence, malicious, and willful conduct, I have suffered substantial emotional problems as well as defamation of character, invasion of privacy, and loss of income." The complaint also stated that Mullins was issued a right-to-sue letter by the Equal Employment Opportunity Commission (EEOC) on August 31, 1999, based on charges filed under the ADA.

Despite the fact that the complaint was wholly unencumbered by any supporting facts, the district court ordered Mullins to serve the defendant and granted him an extra 60 days in which to do so. The defendant, Toyota Motor Manufacturing, Kentucky (TMMK), based its answer upon the issues raised in the EEOC charge, stating that Mullins had failed to establish a prima facie case of disability discrimination and that TMMK had legitimate, non-discriminatory, non-retaliatory reasons for its actions.

During a telephone conference with the magistrate judge, Mullins stated his belief that he was not required to execute a medical authorization form as requested by TMMK. However, in an order filed on January 9, 2001, the magistrate judge directed Mullins to sign such an authorization, ruling that TMMK had the right to such records. Mullins was claiming that he had a mental or psychological disability and that he was discharged by TMMK in violation of the ADA, thus placing his mental or psychological state at issue. In light of Mullins's privacy concerns, the magistrate judge directed that any medical or psychological records be sent to his chambers for *in camera* review and redaction, if necessary, before forwarding to the defendant. The magistrate judge soon thereafter recused himself from the case, upon discovering he had a conflict of interest. Mullins sought an order vacating the magistrate judge's January 9th order. The district court denied that request in an order filed on February 22, 2001, and again directed Mullins to sign an authorization for release of his medical records pertinent to his mental condition, with the modification that the records be sent to the court's chambers for the *in camera* review.

When Mullins still refused to sign an authorization form, despite the second court order to do so, TMMK moved for sanctions, requesting dismissal pursuant to Fed.R.Civ.P. 37(b). Mullins responded by arguing that TMMK had violated statutes prohibiting disclosure of medical information by allowing his supervisors and the EEOC access to his company medical file. The district court again ordered Mullins to sign a medical authorization form and return it to defense counsel within seven days and warned that failure to do so would result in dismissal of this action. The order was entered on April 3, 2001. As of close of business April 12, 2001, Mullins had not complied with the district court's order. Mullins's response to the status report was a statement that he "stands firmly on this matter by refusing to sign."

**\*\*2** In an opinion and order entered on April 23, 2001, the district court discussed the factors identified by the Sixth Circuit as relevant to a ruling on the sanction of dismissal and found that all four were present in this case. Accordingly, the district court granted the defendant's motion for sanctions and dismissed the action with prejudice in a judgment also entered on April 23, 2001.

On appeal, Mullins still argues that he is entitled to keep his medical records confidential and that TMMK committed a crime in previously disclosing medical information.**\*481** In addition, he continues to argue the merits of his underlying complaint.

A district court's judgment dismissing an action under Fed.R.Civ.P. 37(b) for willful failure to cooperate in discovery is reviewed for abuse of discretion. *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 366-67 (6th Cir.1997).

Rule 37(b)(2) authorizes a district court to enter a default judgment and dismiss a case where the

28 Fed.Appx. 479 Page 6
28 Fed.Appx. 479, 2002 WL 123686 (C.A.6 (Ky.))
**(Cite as: 28 Fed.Appx. 479)**

sanctioned party failed to obey an order to provide or permit discovery. This court considers four factors in assessing the appropriateness of the district court's decision to dismiss a complaint:
(1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Harmon, 110 F.3d at 366-67. Dismissal with prejudice "should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." Beil v. Lakewood Eng'g and Mfg. Co., 15 F.3d 546, 552 (6th Cir.1994). The pre-dismissal warning for failure to comply with the district court's orders is pivotal to the determination of willfulness. See Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988).

The district court did not abuse its discretion in dismissing this action after considering the four factors cited above. There is simply no doubt that Mullins's failure to sign a medical authorization form was willful. The second factor also weighs in favor of dismissal. This case was brought under the ADA and accuses TMMK of discrimination against Mullins because of a real or perceived mental or psychological disability. The complaint also alleges that the defendant's actions caused Mullins "substantial emotional problems." Without access to Mullins's medical records relating to his mental or psychological condition at and after the time his employment was terminated, TMMK is unable to adequately defend against these charges. The district court properly found that Mullins had placed his mental state directly at issue and could, therefore, not refuse discovery on that issue.

**\*\*3** The third factor supports the district court's ruling as well. After Mullins had refused to comply with orders issued on January 9, 2000, by the magistrate judge and on February 22, 2001, by the district court, the court issued a show cause order on April 2, 2001, clearly stating that Mullins's failure to comply by providing the medical authorization would "result in dismissal of this action with prejudice." His response, filed April 18, 2001, establishes that Mullins clearly comprehended the warning of dismissal and acknowledged it by stating his intention to appeal to the Supreme Court.

Finally, the district court stated in its opinion and order that lesser sanctions were considered, but that the court believed "dismissal is the only option due to plaintiff's unyielding refusal to cooperate." The record of this case supports the district court's belief on this issue.

Mullins continues to argue in his brief on appeal that TMMK violated the law by disclosing his medical file from 1990/91 to his supervisors and the EEOC. However, this argument is meritless because such **\*482** disclosures are specifically permitted under the regulations implementing the ADA. See 29 C.F.R. § 1630.14(c).

Accordingly, the district court's judgment, entered on April 23, 2001, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

C.A.6 (Ky.),2002.
Mullins v. Toyota Motor Mfg.
28 Fed.Appx. 479, 2002 WL 123686 (C.A.6 (Ky.))

Briefs and Other Related Documents (Back to top)

• 01-5600 (Docket) (May. 15, 2001)

END OF DOCUMENT