UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.S.D.,

        Plaintiff,        CIVIL ACTION NO. 05-CV-71844-DT

vs.

                              DISTRICT JUDGE PATRICK J. DUGGAN

GENESEE COUNTY        MAGISTRATE JUDGE MONA K. MAJZOUB
COMMUNITY HEALTH,

        Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION FOR MENTAL EXAMINATION OF PLAINTIFF PURSUANT TO FRCP 35, GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO FILE INITIAL DISCLOSURES PURSUANT TO FRCP 26, AND GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PAY COSTS OF COPYING DOCUMENTS

      Before the Court is Defendant's Motion for Mental Examination of Plaintiff pursuant to FRCP 35, filed on December 29, 2005. On January 6, 2006 the Honorable Patrick J. Duggan referred the matter to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636 B(1)(A). Plaintiff filed her Answer to Motion on January 17, 2006. Defendant's Reply Brief to Plaintiff's Answer to Motion For Mental Examination of Plaintiff Pursuant to FRCP 35 was filed on January 19, 2006. Plaintiff then filed her "Rebuttal to Defendant's Reply Brief to Plaintiff's Answer to Motion for Mental Examination of Plaintiff Pursuant to FRCP 35" on January 25, 2006. Oral argument was scheduled on March 16, 2006. Plaintiff appeared *in pro per* to argue and Defendant appeared through counsel.

      Plaintiff alleges disability discrimination under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Plaintiff alleges that she has disabling depression. Defendant

disputes Plaintiff's claims of disability.  Plaintiff seeks money damages for Defendant's alleged intentional infliction of mental anguish, mental distress and emotional distress.

On December 13, 2005 Defendant sent Plaintiff a certified letter notifying her of an examination with Charles R. Clark, Ph.D., scheduled pursuant to Fed. R. Civ. P. 35 for December 29, 2005 at 10:00 a.m. at his office in Ann Arbor, MI.  (Defs. Mot. for Mental Examination of Pl. Pursuant to FRCP 35 at Ex. A).   Defendant asked Plaintiff to confirm her attendance at the scheduled appointment in writing and call if she had any questions.  Plaintiff failed to respond to the letter and failed to appear at Dr. Clark's offices on December 29, 2005.

Under Fed. R. Civ. P. 35, Defendant may compel Plaintiff to undergo a mental examination upon a showing of "good cause."  Defendant argues that the good cause requirement is satisfied because Plaintiff has placed her mental state in issue by alleging: (1) that she suffers from depression; (2) that her depression is a disability under the ADA; and (3) that Plaintiff has suffered mental anguish, mental distress, and intentional emotional distress as a result of Defendant's actions.  Defendant argues that a mental examination would afford it a reasonable opportunity to determine the extent and existence of Plaintiff's alleged disability and damages.

Plaintiff does not contest Defendant's request for a mental examination, but gives several reasons why she did not respond to Defendant's December 13, 2005 letter or appear for the appointment scheduled with Dr. Clark two weeks later.  Among Plaintiff's reasons are:

1. Plaintiff "does not do mornings."
2. Plaintiff was busy in December.
3. Plaintiff had to take care of her grandmother.
4. Plaintiff could not find a ride to Ann Arbor.
5. Plaintiff was unable to send a typed letter because the ink cartridge in her computer's printer was dry and she could not afford to purchase a new one.
6. Plaintiff did not send a handwritten letter because she thought that sending

      a handwritten letter was "unprofessional."
7.  Plaintiff did not telephone Defendant in response to her letter of December 13, 2005 because Defendant requested confirmation of the December 29, 2005 appointment in writing.
8.  Plaintiff considered Defendant's December 12, 2005 request to be untimely, because discovery was scheduled to close on January 31, 2006, six weeks later.

In addition, Plaintiff's responsive pleadings include a string of personal attacks upon Defense counsel, calling her unethical, unprepared, and claiming that she has engaged in the abuse of process, and further states that "Attorney DeNise is ignorant of the personal affairs of the Plaintiff and is welcome to check her attitude at the door".  (Pl.'s Rebuttal to Def.'s Mot. for Mental Examination Pursuant to FRCP 35 at 6).

Appended to Plaintiff's Response to Defendant's Motion for Mental Examination is a signed letter typed by Plaintiff on her computer and dated December 28, 2005 (one day before the scheduled appointment with Dr. Charles Clark), entitled "Requested written confirmation/denial." In this letter Plaintiff explains to defense counsel that she is unable to attend the scheduled appointment with Dr. Clark because it would work a hardship upon her due to transportation difficulties, but assures that "I have no protest (in general) to an evaluation by your physician." (Pl.'s Resp. to Def.'s Motion for Mental Examination Pursuant to FRCP 35 at 4).  Plaintiff testified at the oral hearing that she believes she prepared the typed letter on or about December 13, 2005 and printed the letter no later than December 28, 2005.  Although the letter is addressed and directed to defense counsel, it was never mailed.

Referring to this letter, Plaintiff stated in pleadings filed with this Court that "had Defendant provided Plaintiff with adequate time to respond, Defendant would have received notification [that Plaintiff could not attend the scheduled mental examination] in writing . . . (See attached)." *Id.* at

3. This statement was calculated to lead the Court or any other person reading Plaintiff's Response to incorrectly conclude that Plaintiff had sent this communication to defense counsel before the scheduled appointment with Dr. Clark.

Defense counsel expended time and effort construing Plaintiff's maneuver, and developing a written response.  The Court was required to spend time and effort reviewing Plaintiff's written submissions, including the appended letter, and at oral argument questioned Plaintiff about the purpose, intent, and propriety of filing such a contrived letter with her pleadings.  The Court finds Plaintiff's tactics and her responses, both on the record and in her written pleadings, to be disingenuous at best, and designed to deliberately mislead the Court and counsel in violation of Fed. R. Civ. P. 11(b)(1) and 11(b)(3).

Accordingly, the Court hereby **GRANTS** all three of Defendant's Motions.  In addition, Plaintiff is **ORDERED TO SHOW CAUSE** why she has not violated F.R.C.P. 11 (b).

**IT IS FURTHER ORDERED** that Plaintiff shall pay Shedd Frasier & Grossman, PLLC monthly payments of $20.00 per month on or before the 1st day of every month beginning on April 1, 2006, and continuing thereafter, until the sum of $161.58 is paid in full for Plaintiff's share of the copy costs for medical records.  Plaintiff shall have a five (5) day grace period to deliver the payment and if Plaintiff fails to deliver the monthly payment within the five (5) day grace period, Defendant may file a motion with this Court.

4

**IT IS FURTHER ORDERED** that Plaintiff shall appear at the offices of Charles Clark, Ph.D., located at 117 N. First Street, Suite 103, Ann Arbor, Michigan on Tuesday, March 28, 2006 at 9:30 a.m. for a mental examination pursuant to Fed. R. Civ. P. 35.

**IT IS SO ORDERED.**


Dated: March 20, 2006                           s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                United States Magistrate Judge



**Proof of Service**

I hereby certify that a copy of this Order was served upon Lowana Dumas and Counsel of Record on this date.

Dated: March 20, 2006                           s/ Lisa C. Bartlett
                                                Courtroom Deputy